UNITED STATES DISTRICT COURT
for the first circuit
District of Massachusetts

Solomon Upshaw
    Plaintiff Petitioner

v.

CITY OF BOSTON, ET AL.
DEFENDANTS

Complaint

Civil Action No.

jurisdiction: 28 U.S.C. §2674

In EX Parte Young. 209 U.S. 123, 28 S.Ct. 441 52 L.Ed.714(1908) the Minnesota legislature passed a law reducing railroad rates, and providing very severe penalties for any railroad which failed to comply...Stockholders of nine railroads brought suits in federal court to enjoin the companies of they were stockholders from complying with the law. They alleged that the rates prescribed by the new law were unjust, unreasonable, and confiscatory, and would deprive the companies of their property without due process of law, contrary to the Fourteenth Amendment, but that the penalties under the law were such that the railroads, if not restrained would comply with it. Among other defendants they included Edward T. Young, the Attorney General of Minnesota, and prayed that he be restrained from seeking to enforce the law.***This relief was given over Young's objection that the suit was in fact a suit against the state, to which the state had not consented, and thus barred by the Eleventh Amendment. The Court undertook to rationalize decisions and establish a rule on the subject, in 1887 in the case of In re Ayers. The decision there was that suit against a state officer was not barred where his action, aside from any official authority claimed as its justification, was a wrong simply as an individual act, such as a trespass, but that if the act of the officer did not constitute an individual wrong and

1

was something which only the state,through its officers,could do, the suit was in substance a suit against the state.Only a state can compel railroads to charge particular rates.Ayers case the relief unsuccessfully sought was an injunction restraining state attorneys from bringing suits under a supposedly unconstitutional statute.When Young's case came to the Court,by decisions which,in dicta at least,suggested that the commencement of a suit to enforce an unconstitutional statute could be considered an actionable wrong similar to a trespass.Against this erratic background,the Court held that the injunction against Young was proper.Justic Peckham,for the Court,announced the rule which has since been repeatedly followed: "The ***use of the name of the state to enforce an unconstitutional act to the injury of the complainants is a proceeding without the authority of,and one which does not affect,the state in its sovereign or governmental capacity.It is simply an illegal act upon the part of a state official***.If the act which the state Attorney General seeks to enforce be a violation of the federal Constitution,the officer in the proceeding under such enactment comes into conflict with the superior authority of that Constitution,and he is in that case stripped of his official or representative character and is subject in his person to the consequences of his individual conduct."

The Fourteenth Amendments qualified the immunity from suit granted states by the Eleventh Amendment;unconstitutional act of the state. Employee Officer 019 conduct in accordance with MGL Ch. 40U,§12,picture image to injury conduct similar Ex Parte Young picture claimed as its official authority.

Remove vehicle private way.   § 120D,Ch.266,

Title 1 Chapter 266,Section 120D,Removal of Motor Vehicle from Private Ways or Property.  Penalties,Liability for Removal and Storage charge,Release of vehicle.
   Section 120DRemoval motor vehicle which is parked or standing on private way or upon improved or enclosed property.
forbidden to park or stand,directly or by posted notice by person who has lawful control of such way or property shall notified the chief of police —his designee in city or town,in city of Boston police commissioner that such is to be removed in writting the address of which is to be removed,the registration number of the vehicle.the name of the person in lawful control of the way or property from which vehicle is being removed and the name of person or company or other business entity removing the vehicle.

NO JUDICIAL OF THE UNITED STATES.
UNITED STATES CONSTITUTION AMENDMENT XI.
The JUDICIAL POWER OF THE UNITED STATES SHALL NOT BE CONSTRUED TO EXTEND TO ANY SUIT IN LAW OR EQUITY, COMMENCED OR PROSECUTED AGAINST ONE OF THE UNITED STATES, BY CITIZENS OF ANOTHER STATE, OR BY CITIZENS OR SUBJECTS OF ANY FOREIGN STATE.

AMENDMENT XI BAR JUDGES' DENISE J. CASPER ELECTRONIC ORDER RE: MOTION FOR PRELIMINARY INJUNCTION. JUDICIAL POWER OF UNITED STATES SHALL NOT BE CONSTRUED TO EXTEND TO ANY SUIT IN LAW OR EQUITY. THE ORDER IS ERRONEOUS CONSTRUCTION OF LAW, AND VAGUE. UNCONSTITUTIONAL ACT IS NOT IMMUNE FOR AMENDMENT XIV OF CONSTITUTION OF UNITED STATES.

3

NO COMMUNITY PRESERVATION ACT deprived PROPERTY. GOVERNMENT CLAIMS.
PURSUANT TO ARTICLE VI U.S. CONSTITUTION AND COMMONWEALTH OF MASSACHUSETTS APPEALS COURT FOR THE COMMONWEALTH CASE NO 04-P-751, SEE COPY

RELIEF: GRANT $100,000,000, AND INJUNCTION AGAINST DEFENDANTS' INJURY DAMAGES, RECOVERY deprived PROPERTY. VACATE JUDGE ORDER, 1:16-CV-10627-DJC 9-22-16 LACK JURISDICTION OVER CASE.

RESPECTFULLY SUBMITTED,

Solomon Upshaw

Solomon Upshaw PRO SE
P.O. BOX 250
CAPE NEDDICK, ME.
03902
Ph. 207.475.7886

ANY PERSON CLAIMING INTEREST IN SEIZED, FILE CLAIM. SEE, PURSUANT TO U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT, Solomon Upshaw PLAINTIFF-APPELLANT, V. UNITED STATES-DEFENDANT, NO 2016-2443, DEZ. 12, 2016 MR. UPSHAW'S CLAIMS OUTSIDE THE TUCKER ACT. 28 U.S.C. SECTION 1491(a)(1) JURISDICTION, OUTSIDE.
— 18 U.S.C., SEC. 983(a)(4)(A) IN ANY CASE WHICH THE GOVERNMENT FILES, ANY PERSON CLAIMS.

4